[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12129
Non-Argument Calendar
_____

D.C. Docket No. 3:13-cr-00076-MCR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SYLVESTER NATHANIEL WRIGHT,
a.k.a. Sylvester Jerome Wright,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(June 23, 2015)

Before WILSON, JULIE CARNES, and FAY, Circuit Judges.

PER CURIAM:

Sylvester Wright appeals his conviction of two counts of possessing cocaine and cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), entered pursuant to a conditional guilty plea.  On appeal, Wright argues that the district court erred by denying his motion to suppress evidence.  Specifically, he contends that the traffic stop on July 17, 2013, and subsequent search of his vehicle and seizure of evidence violated his Fourth Amendment rights because there was no probable cause to stop the vehicle and the plain view exception to the warrantless search did not apply.

Construing the evidence in the light most favorable to the government and affording deference to the district court's credibility determinations, we find that the district court did not err in denying Wright's motion to suppress.  *See, e.g.*, *United States v. Lewis*, 674 F.3d 1298, 1303 (11th Cir. 2012) (noting that "we afford substantial deference to the factfinder's credibility determinations" and construe all facts "in the light most favorable to the prevailing party below" when ruling on a motion to suppress (internal quotation marks omitted)).  The district court found that Deputy Rose was a credible witness and explicitly credited his testimony regarding his reasons for deciding to stop the vehicle driven by Wright.  Deputy Rose testified that the tag light of the vehicle was inoperable and that the tag inquiry revealed the registered owner's license was invalid; thus, Deputy Rose had a valid basis for initiating the traffic stop.  *See United States v. Harris*, 526

2

F.3d 1334, 1337 (11th Cir. 2008) (per curiam) ("A traffic stop . . . is constitutional if it is either based upon probable cause to believe a traffic violation has occurred or justified by reasonable suspicion . . . ."); *see also* Fla. Stat. § 316.221(2)–(3).

Additionally, Deputy Rose's testimony established that the plain view exception to the warrantless search applied because Rose was in a place where he had the right to be when he observed the pill bottle in plain view, containing what he believed to be an illegally possessed controlled substance. *See United States v. Smith*, 459 F.3d 1276, 1290 (11th Cir. 2006) (setting forth the requirements for a warrantless seizure under the plain view exception); *see id.* at 1291–93 (noting that we give weight to inferences drawn by experienced officers). The discovery of the controlled substance justified the subsequent search of the immediate area of the vehicle for additional evidence of criminal activity. *See United States v. Harris*, 928 F.2d 1113, 1117 (11th Cir. 1991). Accordingly, the district court's determination that the traffic stop was legal and the plain view exception applied to the warrantless search of the vehicle was not erroneous. We affirm the district court.

**AFFIRMED.**

3